be in truth the agent of the plaintiff in the transaction. In the course of the decision in that case it was said that ' the contract of the agent is the contract of the principal, and he may sue or be sued thereon, though not named therein ; and notwithstanding the rule of law that an agreement reduced to writing may not be contradicted or varied by parol, it is well settled that the principal may show that the agent who made the contract in his own name was acting for him. This proof does not contradict the writing ; it only explains the transaction.' (Id., 289.) The correctness of this legal proposition was assumed in *Meeker* v. *Claghorn* (44 N. Y., 349), and it is fully sustained in *Huntington* v. *Knox* (7 Cush., 371), *Bank United States* v. *Lyman* (20 Vt., 667), and *Beckham* v. *Drake* (9 Mees. & Wels., 78)." * * *

*Luther R. Marsh*, for the appellant.

*A. J. Vanderpoel*, *Coles Morris* and *Michael Cardozo*, for the respondent.

Opinion by DANIELS, J. ; MACOMBER, J., concurred.

Present — DAVIS, P. J., DANIELS and MACOMBER, JJ.

Judgment reversed, with costs to defendant to abide the event, and the verdict set aside on payment by him of the costs of the trial.

---

IN THE MATTER OF THE APPLICATION OF ALPHONSINE MERTIAN, TO COMPEL PAYMENT TO HER BY EDWARD W. BRENEN OF MONEY RECEIVED BY HIM AS HER ATTORNEY.

*Attorney — when compelled, upon petition of client, to pay over money collected for him.*

APPEAL from an order of the Special Term requiring Edward W. Brenen, attorney-at-law, to pay over to the petitioner the sum of $200 and ten dollars costs of motion.

By the verified petition and other proofs in the case, it appears that the appellant had collected for his client, the petitioner, in three several suits from various debtors of the petitioner, the sum of $271. In addition to that sum, he had received for disbursements from the petitioner herself fifty-one dollars, making in all the sum of $322. After deducting the compensation due the appel-

lant under an agreement between him and his client by which he should receive ten per cent of the amount of collections where there was no litigation, and twenty-five per cent of the amount in the cases that were litigated, there was a sum coming to the petitioner of $225.50, but the amount directed by the Special Term to be paid by the attorney was, by consent of the petitioner, reduced to $200.

The court at General Term said : " The facts of the petition standing substantially uncontradicted, we think it was competent for the Special Term to direct in this summary manner the attorney to pay over the moneys to his client. Were there any facts in dispute between the parties as to the condition of the accounts between them, we should be inclined to put the petitioner to her action at law against her attorney, but where it stands admitted that an officer of this court has money belonging to his client collected by him in the course of his employment and refuses to pay over the same, the court has the power, without putting the party to an action, to compel the attorney to pay it."

The order should be affirmed, with costs and disbursements.

*Thomas Nolan*, for Edward W. Brenen, appellant.

*John McCrone*, for the petitioner, respondent.

Opinion by MACOMBER, J.; DAVIS, P. J., and DANIELS, J., concurred.

Order affirmed, with ten dollars costs and disbursements.